**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Russound/FMP, Inc.


    v.                                                          Civil No. 08-cv-213-JL

Future Home Systems, and
James Cahill, d/b/a/
Future Homes Systems


**REPORT AND RECOMMENDATION**

    Plaintiff Russound/FMP, Inc. moved for a preliminary injunction (document no. 4), to enforce a Settlement Agreement entered into with defendants on May 13, 2008 (the "Settlement Agreement"). The Settlement Agreement resolved an action plaintiff brought against defendants claiming unfair trade practices in violation of the Lanham Act, 15 U.S.C. § 1125(a), and the New Hampshire Consumer Protection Act, N.H. Rev. Stat. Ann. ("RSA") 358-A, 2(II), (III) & (IX). See Russound/FMP, Inc. v. Future Home Systems, No. 08-145-SM (the "First Action"). In the First Action plaintiff contended defendants deliberately and falsely misrepresented to consumers that the Russound products sold on defendants' website were covered by plaintiff's warranty, when defendants were not an authorized dealer of plaintiff's products and, therefore, could not offer the warranty to

customers who bought Russound products from defendants' website. The parties settled the First Action by defendants agreeing to clearly and prominently post a disclaimer on their website stating that defendant is not an authorized Russound dealer and that any Russound products defendants sold were not covered by Russound's warranty.

On May 29, 2008, plaintiff filed this action, asserting the same unfair trade practices claims based on federal and state law and alleging breach of the Settlement Agreement, because defendants had not yet made the changes to their website agreed to in the Settlement Agreement.  On June 10, 2008, plaintiff's filed the pending motion for preliminary injunctive relief, seeking to enforce the terms of the Settlement Agreement.  The matter was referred to me on July 16 and a hearing was held on July 21, 2008.  At the hearing, plaintiff's counsel stipulated that the motion for preliminary injunction was based solely on the contract claim, for defendants' failure to make the changes to their website as required by the Settlement Agreement.

The standard for a preliminary injunction is well-settled and need not be repeated at length here.  See <u>Esso Standard Oil Co. v. Monroig-Zayas</u>, 445 F.3d 13, 18 (1st Cir. 2006) (setting

forth four part test to justify relief sought); see also Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 18-19 (1st Cir. 1996) (explaining burden of proof for a preliminary injunction and meaning of irreparable harm); CMM Cable Rep. v. Ocean Coast Props., 48 F.3d 618, 620-21 (1st Cir. 1995) (preserving the status quo and preventing irreparable harm enables the court "more effectively to remedy discerned wrongs"). While the "sine qua non . . . is likelihood of success on the merits," Esso Standard Oil Co., 445 F.3d at 18 (internal quotation omitted), a preliminary injunction will not be granted unless plaintiff also demonstrates it will suffer irreparable harm without the requested injunctive relief.  See Ross-Simons of Warwick, Inc., 102 F.3d at 19 ("the predicted harm and the likelihood of success on the merits must be juxtaposed and weighed in tandem").

   The evidence proffered in support of the requested injunction demonstrated that defendants had not yet fully complied with the terms of the Settlement Agreement that required defendants to prominently display on their website that defendant Future Home System ("FHS") is not an authorized dealer of Russound products and, therefore, any Russound products FHS sold

were not covered by plaintiff's warranty.  <u>See</u> Pl.'s Exhibits for the Prelim. Inj. Hr'g, ("Pl.s Ex."), Ex. 4 (Settlement Agreement); <u>see also</u> Mem. in Supp. of Pl.'s Mot. for Prelim. Inj. ("Pl.'s Prelim. Inj. Mem."), Ex. 2, Aff. of Jonathan James ("James Aff.").  The Settlement Agreement provided that defendants would post the following language "on each website page on which a Russound product appears (and also on the Sales Policy page) and be displayed in a location, font, size and color that makes it prominent to the public viewing the Russound product on the page":

> Future Home Systems is not an authorized Russound dealer, and Russound provides warranties only on sales of its products by its authorized dealers.  Russound does not authorize sale of its products on the Internet or by phone or mail order, and Russound does not provide any warranty on any of its products sold by Future Home Systems or by any other Internet or phone or mail order seller.

Pl.'s Ex. 4.  Defendants have still not displayed this disclaimer on every page of their website on which a Russound product is advertised, and, where the disclaimer has been posted, only in the last few days has it been displayed in a location, font, size or color that makes it readily apparent to the average consumer.  <u>See</u> James Aff., ¶¶ 2-6, 12-15; <u>see also</u> Pl.'s Exs. 8-11.  This

evidence supports plaintiff's claim that defendants were in breach of the settlement contract.

At the hearing however, plaintiff introduced two exhibits of printouts from defendants' website, from Friday, July 18, 2008, and the day of the hearing, Monday, July 21, 2008, that showed defendants have made most of the required changes.  <u>See</u> Pl.'s Ex. 24 & 26.  While plaintiff argued this evidence did not establish that the terms of the Settlement Agreement have been fulfilled, and did not provide any proof that defendants would maintain the changes that have been made, plaintiff conceded that the changes were consistent with its expectations of the disclaimer notice.

Defendants also proffered evidence to show the changes that have been made.  <u>See</u> Defs.' Exhibits for the Prelim. Inj. Hr'g ("Defs.' Ex."), Ex. N & P.  Counsel for defendants argued they have been trying to comply with the terms of the Settlement Agreement in good faith since it was executed on May 13, 2008, and proffered letters and email correspondence that showed defendants' efforts to make the required changes to their website and to perform the Settlement Agreement pursuant to plaintiff's expectations.  <u>See</u> Defs.' Mem. in Supp. of Obj. to Pl.'s Mot. for Prelim. Inj. ("Defs.' Obj. Mem.") Exs. 4, 7, 8 & 10.  Defense

counsel also demonstrated the late changes to the FHS website were not a last-minute attempt to appease the court prior to the preliminary injunction hearing, but were done pursuant to a software-changes schedule that defendants had to implement and about which plaintiff was informed on June 13, 2008.  See Defs.' Obj. Mem., Ex. 2 (Cahill Aff., ¶¶ 34 & 39) & Ex. 12 (June 13, 2008 McNamara letter).  Defense counsel also argued that while the Settlement Agreement provided that the disclaimer notice be posted "promptly," the contract did not define the term "promptly" and the sales policy changes did not have a time element.

After carefully considering the evidence of record, I find plaintiff has not carried its burden of demonstrating a need for the requested preliminary injunctive relief.  While defendants' evidence undermines plaintiff's contention that the Settlement Agreement has been breached, there is evidence that some time period passed before defendant substantially complied with the terms of the agreement.[1]  Plaintiff completely failed, however, to adduce any evidence to demonstrate how it has been irreparably

---

[1] Whether that time period was long enough to constitute a breach depends on more evidence than is currently before the court.

harmed by any breach that may ultimately be proven.  The only evidence of loss of good will was a complaint prior to the First Action by a single customer that he was confused about his warranty coverage from the FHS website.  <u>See</u> Pl.'s Prelim. Inj. Mem. at 3.  Plaintiff's Director of Special Projects, Jonathan James, testified that he had received one call in which a customer complained, but he did not explain the circumstances of the complaint or how it was resolved.  This evidence is insufficient to show that plaintiff risks losing its good will or otherwise faces some harm that could not be adequately compensated by the traditional legal remedy of money damages for breach of contract.  The evidence also did not indicate that defendants were acting inequitably, deceitfully or unfairly, to suggest a need for the extraordinary relief of a preliminary injunction to protect the public interest or prevent further irreparable harm.  If plaintiff were to succeed in proving a breach of the Settlement Agreement, there is no reason not to expect it could be wholly compensated for any loss of business it may have sustained with money damages.

   Accordingly, I recommend that plaintiff's motion for a preliminary injunction (document no. 4) be denied.  Any

objections to this report and recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See <u>Unauthorized Practice of Law Comm. v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date:  July 22, 2008

cc:   David J. Brody, Esq.
      Daniel E. Will, Esq.
      Jonathan M. Shirley, Esq.
      Leigh S. Willey, Esq.
      Richard B. McNamara, Esq.
      Jennifer Turco Beaudet, Esq.